# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. _____ -CV- _____

NEIL STIERHOFF,
        Plaintiff,

v.

UNITED STATES,
        Defendant.

FILED BY _____ D.C.

MAY 2 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff Neil Stierhoff, appearing pro se, complains against the United States ("Defendant") and alleges as follows:

### Statement of the Case

1.    Under Internal Revenue Code (IRC) §§ 6532 and 7422 (26 U.S.C. §§ 6532 and 7422), Plaintiff seeks a refund of $25,085.59 comprising IRC section 6702(a) penalties erroneously and unlawfully assessed and collected, collected without authority, and wrongfully collected under the internal-revenue laws by the Internal Revenue Service (IRS) through administrative levy actions for the tax years 1999, 2000, and 2002, and accrued statutory interest.

2.    Plaintiff requests the Court order Defendant to refund $25,085.59 to Plaintiff and award him litigation costs incurred in this action.

1

## Parties

3.     Plaintiff Neil Stierhoff, residing in Palm Beach County, Florida, is the proper party to bring this civil action for refund.

4.     The UNITED STATES is Defendant in this action and, under 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1), waives sovereign immunity for this suit.

## Jurisdiction and Venue

5.     Under 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6.     Under 28 U.S.C. § 1402(a)(1), venue is proper because the Plaintiff resides within this judicial district.

7.     This Court has jurisdiction over the subject matter of this action under 26 U.S.C. § 7422(f)(1), 28 U.S.C. § 1346(a)(1), and 26 U.S.C. § 7422(a) because the Plaintiff has exhausted his administrative remedies by duly filing, on December 9, 2024, his administrative claims for refund with the IRS for each of the 1999, 2000, and 2002 tax years.

8.     Plaintiff files this civil action for refund within the required time frame under 26 U.S.C. § 6511(a) within two years after December 2, 2024, which is the date when the IRS's total levy collections satisfied the amount the IRS claimed was due.

9.     Under 26 U.S.C. § 6532(a)(1), because the IRS did not issue a notice of disallowance, Plaintiff waited a minimum of six months after submitting his

2

administrative refund claims to the IRS on December 9, 2024, before filing this civil action for refund.

10.     Plaintiff has standing to sue because Defendant, through its agents, seized Plaintiff's assets, which caused Plaintiff direct economic injury. The Court has jurisdiction to redress this injury by ordering Defendant to refund the amounts seized and collected.

## Factual Allegations

11.     On April 15, 2011, Plaintiff filed IRS Form 1040EZ income tax returns for the 1999, 2000, and 2002 tax years. In these returns, Plaintiff declared under penalties of perjury that, to the best of his knowledge and belief, he had no "wages, salaries, and tips" (line 1 on Form 1040EZ), no "taxable interest" (line 2), and no "unemployment compensation" (line 3) for each year and that the returns were true and correct. True and correct copies of the Form 1040EZ income tax returns filed by Plaintiff for the tax years 1999, 2000, and 2002, with Plaintiff's social security number partially redacted, along with proof of mailing, are attached hereto as **Exhibit 1** and are incorporated herein by reference.

12.     In three letters to Plaintiff, each dated April 3, 2013, from Layne Carver, IRS Operations Manager, Exam SC Support, for the tax years 1999, 2000, and 2002 (3176C letters), the IRS stated that "based on Section 6702," it had "determined the information you filed as a tax return" was "frivolous." The IRS further stated, "You recently filed a return or purported return claiming one or more frivolous positions" and

recommended that Plaintiff submit a "corrected return" within thirty days of the 3176C letters for each taxable period, or the IRS "will assess a $5000 penalty against you." True and correct copies of the 3176C letters, with Plaintiff's social security number partially redacted, are attached hereto as **Exhibit 2** and are incorporated herein by reference.

13.     On June 25, 2013, the IRS "assessed"[1] penalties of $5,000.00 under IRC § 6702(a) against Plaintiff for each Form 1040EZ filed for tax years 1999, 2000, and 2002. True and correct copies of IRS Forms 8278 and 12616 for 1999, 2000, and 2002, showing the dates and amounts "assessed," with Plaintiff's social security number partially redacted, are attached hereto as **Exhibit 3** and are incorporated herein by reference.

14.     On August 2, 2024, and August 23, 2024, the IRS sent Form 668-A Notices of Levy to TD Bank, NA, where Plaintiff maintained a checking account. Upon receipt of these Notices, TD Bank withdrew all funds from Plaintiff's account and sent the funds to the IRS in two payments of $9,730.82 and $1,333.27 on August 8, 2024, and August 29, 2024, respectively. True and correct copies of the Notices of Levy sent to TD Bank (with Plaintiff's social security number partially redacted), letters to Plaintiff explaining that TD Bank withdrew funds from Plaintiff's account pursuant to the Notices of Levy, and a

---

[1] The words "assess," "assessed," and "assessment" are in quotation marks to indicate that the IRS did not make lawful assessments, as explained in this Complaint.

4

copy of Plaintiff's account statement showing the remittances made to the IRS are attached hereto as **Exhibit 4** and are incorporated herein by reference.

15.     The IRS sent a Notice of Levy, dated August 2, 2024, to eBay, Inc., where Plaintiff maintained an account. On December 2, 2024, pursuant to the Notice of Levy, eBay sent to the IRS the funds levied from Plaintiff's account in the amount of $24,592.71. True and correct copies of the Notice of Levy sent to eBay (with Plaintiff's social security number partially redacted), a cover letter from Revenue Officer Patrick Thomas, an email from eBay to Plaintiff concerning the Notice of Levy, and confirmation of the remittance made to the IRS are attached hereto as **Exhibit 5** and are incorporated herein by reference.

16.     The total amount of money collected by the IRS from the levies on Plaintiff's TD Bank and eBay accounts was $35,656.80.

17.     On December 9, 2024, Plaintiff submitted IRS Forms 843 ("Claim for Refund and Request for Abatement") via certified mail to the Department of Treasury, Internal Revenue Service, Austin, TX 73301-0002, seeking refunds of amounts collected by the IRS for the tax years 1999, 2000, and 2002. According to 26 U.S.C. § 7502 and regulations thereunder, Plaintiff's claims for refund were deemed filed on December 9, 2024. True and correct copies of the Forms 843 (with Plaintiff's social security number partially redacted) and proof of mailing are attached hereto as **Exhibit 6** and are incorporated herein by reference.

18.     On February 19, 2025, Plaintiff received a "tax refund" check from the U.S. Treasury for $10,571.21. The payment presumably represents a refund of what the IRS determined was collected over the amount listed on the Notice of Levy or otherwise due. A true and correct copy of the U.S. Treasury check is attached hereto as **Exhibit 7** and is incorporated herein by reference.

19.     The net amount collected and retained by the IRS is $25,085.59, which is the total collected minus the amount refunded to Plaintiff by check from the U.S. Treasury.

20.     Section 6702(a) sets out the requirements of what constitutes a "frivolous" return:

> A person shall pay a penalty of $5,000 if—
> (1) such person files what purports to be a return of a tax imposed by this title but which—
>> (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
>> (B) *contains information that on its face indicates that the self-assessment is substantially incorrect, **and***
> (2) the conduct referred to in paragraph (1)—
>> (A) *is based on a position* which the Secretary has identified as frivolous under subsection (c), or
>> (B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. § 6702(a) (emphasis added). A penalty under § 6702 requires both subsections (a)(1) ***and*** (a)(2) to be satisfied. *Id.* Plaintiff prepared and filed Form 1040EZ 1999, 2000, and 2002 tax returns completely and correctly, including only the information requested on the form without any additions, alterations, or position-based deductions. Exh. 1, pp.

6

1-3. Plaintiff declared under penalties of perjury that the information on his Form

1040EZ tax returns was true and correct to the best of his knowledge and belief. Plaintiff

correctly, accurately, and truthfully stated on the tax returns that he had no "wages,

salaries, and tips" (Line 1), no "taxable interest" (Line 2), no "unemployment

compensation" (Line 3), and did not claim any "unallowable deductions" based on a

"frivolous position."[2] Nothing on his returns indicated a desire to delay or impede the

administration of Federal tax laws. Plaintiff signed and dated his returns and attested to

the information provided.[3] Based on the facts and law, Plaintiff's tax returns do not meet

the test for frivolousness. *McKee v. United States*, 781 F. 2d 1043, 1046-47 (4th Cir.

1986) (stating that filling out the entire [tax] form correctly is the exercise of self-

assessment, and "the test for frivolousness is an ***objective*** one, under which we must

evaluate a taxpayer's ***position in terms of its legal underpinnings***") (emphasis added).

---

[2] The legislative history of § 6702 specifies that "the penalty could be imposed against any individual filing a 'return' showing an incorrect tax due, *or a reduced tax due, because of the individual's claim of a clearly unallowable deduction....*" S. Rep. No. 494, 97th Cong., 2nd Sess. 278 (1982), reprinted in 1982 *U.S. Code Cong. & Ad. News* 781, 1024. *Franklet v. United States*, 578 F. Supp. 1552, 1555 (N.D. Cal. 1984) (emphasis added); *Leogrande v. United States*, 811 F. 2d 147, 149 (2nd Cir. 1987) ("the legislative history of § 6702 ... indicates that the frivolous return penalty was meant to apply to returns 'in which many or all of the line items are not filled in except for reference to spurious constitutional objections'") (*quoting* S. Rep. No. 494, *supra*); *Stelly v. Comm'r*, 804 F.2d 868, 870 (5th Cir. 1986) (stating a tax return is frivolous if it "(1) contains information that *facially indicates* that the self-assessment is substantially incorrect, *and* (2) relies on a frivolous *position*") (emphasis added).

[3] *See Garner v. United States*, 424 U.S. 648, 651 (1976) (the information revealed in the preparation and filing of an income tax return is the testimony of a witness).

Truthfully stating that he had none of the income items specified on the tax return form does not render Plaintiff's returns legally frivolous and cannot form the basis for imposing, assessing, and collecting by levy penalties under § 6702. Yet, without any evidence to support its determination, the IRS nevertheless asserted that Plaintiff's tax returns were based on frivolous positions:

> You recently filed *a return or purported return claiming one or more frivolous positions*. If not immediately corrected, *the Internal Revenue Service will assess a $5,000 penalty against you.* You can correct the problem and avoid the penalty if you submit a corrected return within 30 days of this letter to the address listed above. If you continue to submit documents *asserting frivolous positions,* we will assess the $5,000 penalty each time you submit a frivolous return.
> Based on Section 6702, Frivolous Tax Submissions, we have determined the information you filed as a tax return, or purported tax return, on April 22, 2011 is frivolous and *there is no basis in the law for your position*.

Exh. 2, pp. 1-9, IRS 3176C letters (emphasis added). Then, on June 25, 2013, the IRS "assessed" a $5000 penalty under § 6702(a) against Plaintiff based on what the IRS claimed was a "frivolous position" for each of the Form 1040EZ income tax returns he filed on April 15, 2011, for the 1999, 2000, and 2002 tax years. Exh. 3, pp. 1-6. The IRS lacked any objective evidence to support its determination that Plaintiff's Form 1040EZ tax returns were "frivolous." As a result, the agency's determinations and its penalty "assessments" were arbitrary, erroneous, and "utterly without foundation." *United States v. Janis*, 428 U.S. 433, 442 (1976). This court has jurisdiction to set aside those

8

"assessments," thereby rendering the IRS's collection actions unlawful. *See Helvering v. Taylor*, 293 U.S. 507, 514 (1935)..

21.    The mere filing of a tax return does not automatically create liability for a penalty under section 6702; however, the IRS treated Plaintiff's 1999, 2000, and 2002 Form 1040EZ tax returns as if it did. Furthermore, the IRS disregarded agency procedures mandated in the Internal Revenue Manual (IRM) which states the "imposition of the IRC 6702 Penalty applies *only* when the information *on the face of the return* shows a patently *frivolous position*." IRM 25.25.10.2(3) (Aug. 4, 2021) (emphasis added). Thus, when the IRS "determined" Plaintiff's tax returns were "frivolous" it violated its own established administrative guidelines.

22.    Section 6702 begins with the directive, "A person shall pay a penalty." 26 U.S.C. § 6702(a). In this context, the auxiliary verb "shall" should be interpreted to mean "may." *Cairo and Fulton R.R. Co. v. Hecht*, 95 U.S. 168, 170 (1877) ("As against the government, the word 'shall,' when used in statutes, is to be construed as 'may' unless a contrary intention is manifest. Here, no such intention appears."). Since no contrary intention is evident in § 6702(a), construing "shall pay" to mean "may pay" would ensure that individuals like Plaintiff are not penalized for providing truthful and accurate information to the government. *See, e.g., Lane v. Franks*, 573 U.S. 228 (2014).

23.    In the 3176C letters, the IRS did not state that the income tax returns filed by the Plaintiff were untruthful, incomplete, incorrect, or inaccurate. The IRS did not specify what needed to be "corrected" or what aspects of the returns were "frivolous."

9

Neither the 3176C letters nor § 6702(a) provide any specific action Plaintiff must take to avoid the penalty. Despite this lack of clarity, the IRS issued a formal warning, threatening to impose a $5,000 penalty for each return unless Plaintiff amended his filings by changing his testimony on his tax returns to comply with unspecified and unarticulated standards.

24.     The "conduct referred to in paragraph (1)" of § 6702(a) was not evident on the face of Plaintiff's tax returns. The Plaintiff's Form 1040EZ tax returns did not meet the criteria outlined in § 6702(a) to be considered objectively frivolous. Yet, in spite of this fact, the IRS erroneously proceeded to "assess" the penalties and enforce their collection through levies. The enforcement of § 6702(a) against Plaintiff was arbitrary, capricious, and manifestly erroneous. Despite the oblique reference to a "list of positions" considered "frivolous" by the Secretary in subsection (c), § 6702 lacks clarity within the enactment itself, making it susceptible to arbitrary and discriminatory application.

25.     Section 6702, located in Subchapter 68B of the Code, is a penalty provision, not a liability provision, and it does not establish liability. Title 26 U.S.C. § 6671(a) provides:

> The penalties and liabilities provided by this subchapter [68B] shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the *same manner as taxes*. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

26 U.S.C. § 6671(a) (emphasis added). Section 6671(a) does not grant any **additional** authority for tax assessment beyond what is already established under § 6201, which provides the government's exclusive assessment authority.[4] Section 6671(a) merely mandates that the assessment and collection of penalties under subchapter 68B must adhere to the same procedures applicable to taxes as provided by § 6203.

26.    The authority to assess "assessable penalties" under § 6201(a) requires the existence of liability because § 6203 provides that "[t]he assessment shall be made by recording *the liability of the taxpayer* in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203 (emphasis added). Without *liability* for the tax or penalty the Secretary cannot make an assessment.[5] *See*

---

[4] 26 U.S.C. § 6201 provides "(a) The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following: (1) The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists (or payments under section 6225(c)(2)(B)(i)) are made under this title...."

[5] *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 9 (2015) ("Assessment ... refers to the official recording of a taxpayer's *liability*") (emphasis added); *United States v. Galletti*, 541 U.S. 114, 120 (2004) ("Section 6203 speaks of the *liability* of the taxpayer") (internal quotation marks omitted) (emphasis in original); *United States v. Coson*, 286 F. 2d 453, 464 n. 17 (9th Circuit 1961) ("§ 6203 of Title 26 prescribes the method of assessment as follows: 'The assessment shall be made by recording the *liability of the taxpayer*'") (emphasis in original); *Botta v. Scanlon*, 288 F. 2d 504, 508 (2nd Cir. 1961) ("[A] reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as persons *liable for the tax* without an opportunity for judicial review of
*(footnote continued on next page)*

11

*Commissioner v. Acker*, 361 U.S. 87, 91 (1959) ("***The law is settled that penal[ty] statutes are to be construed strictly***, and that one is not to be subjected to a penalty unless the words of the statute plainly impose it.") (internal quotation marks and citations omitted) (emphasis added). It is the Court's duty to refrain from reading a phrase into a statute when Congress has left it out. *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (*quoting Russello v. United States*, 464 U. S. 16, 23 (1983)). A cardinal rule of statutory construction mandates that courts must presume that the legislature says in a statute what it means and means in a statute what it says there. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992) (citations omitted). Without statutory liability, there was no lawful basis to assess § 6702(a) penalties against Plaintiff, making the "assessments" void and legally uncollectable by levy and seizure of property.

27.     A requirement for a penalty to be "assessed and collected in the same manner as taxes," as specified in § 6671(a), is that the IRS must send a notice and demand for payment to the taxpayer within 60 days of assessing the penalty.[6] However, such notice and demand requires the person to be liable for the unpaid tax or penalty,

---

this status before the appellation of 'taxpayer' is bestowed upon them and their property is seized and sold. ***A fortiori is the case where the liability is asserted by way of a penalty*** for a willful act.") (emphasis added).

[6] 26 U.S.C. § 6303(a) provides "Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give ***notice to each person liable for the unpaid tax***, stating the amount and demanding payment thereof." (Emphasis added.)

which § 6702(a) does not establish. Liability is a condition precedent to the demand. *Bothke v. Fluor Engineers and Constructors, Inc.*, 713 F. 2d 1405, 1414 (9th Cir. 1983) (*citing* § 6331(a)). Merely demanding payment, even repeatedly, does not cause liability. *Id.* Therefore, any notice and demand for payment issued by the IRS to the Plaintiff was made in error and did not comply with legal requirements.

28.    The IRS issued levy notices pursuant to § 6331, which the Supreme Court described as "a specific mode of collection under which the Secretary of the Treasury distrains and seizes a recalcitrant taxpayer's property." *Direct Mktg., supra*, 575 U.S., at 9. Collection constitutes "part of the enforcement process...that assessment sets in motion." *Id.* (*quoting Hibbs v. Winn*, 542 U.S. 88, 101, n. 4 (2004)) (internal quotation marks omitted). Both assessment under § 6203 and levy under § 6331(a), as components of the IRS's enforced collection procedure, require an underlying liability for the asserted tax or penalty.[7, 8] Section 6331(a) also permits the IRS to levy property when a valid lien has been established under IRC chapter 64 to secure payment of a tax or penalty. But

---

[7] 26 U.S.C. 6203 provides "The assessment shall be made by recording **the liability of the taxpayer** in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." (Emphasis added.)

[8] 26 U.S.C. § 6331(a) provides "If **any person liable to pay any tax** neglects or refuses to pay the same within 10 days after Notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax." (Emphasis added.)

§ 6321, which provides for liens under the IRC, requires the person to be liable to pay.[9]

However, 26 U.S.C. § 6702(a), by its terms, imposes no such payment liability and

therefore cannot serve as the legal basis for a lien or levy action.

29.     Subchapter 68B of the Code differentiates between penalties and liabilities,

treating them as distinct legal concepts. A penalty provision does not impose legal

liability unless the statute explicitly states that the person is liable for the penalty.

*Russello v. United States*, 464 U. S. 16, 23 (1983) ("where Congress includes particular

language in one section of a statute but omits it in another ..., it is generally presumed

that Congress acts intentionally and purposely in the disparate inclusion or exclusion").

*See Gould v. Gould*, 245 U.S. 151, 153 (1917) ("In the interpretation of statutes levying

taxes it is the established rule not to extend their provisions, by implication, beyond the

clear import of the language used, or to enlarge their operations so as to embrace matters

not specifically pointed out. In case of doubt they are construed most strongly against the

Government, and in favor of the citizen.") (citations omitted). The following table

summarizes the penalty sections in subchapter 68B of the Code, indicating which

sections are penalties and which impose liabilities.

---

[9] 26 U.S.C. § 6321 provides "If ***any person liable to pay*** any tax, ... the amount ...  shall be a lien in favor of the United States ...." (Emphasis added.)

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6671 | [Rules for application of assessable penalties] | N/A |
| 6672 | (a) Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, **shall, in addition to other penalties provided by law, be _liable_ to a penalty** equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. | Liability |
| 6673 | the Tax Court, in its decision, **may** require the taxpayer to pay to the United States a **_penalty_** not in excess of $25,000 | Penalty |
| 6674 | any person required under the provisions of section 6051 or 6053(b) to furnish a statement to an employee who willfully furnishes a false or fraudulent statement, or who willfully fails to furnish a statement in the manner, at the time, and showing the information required under section 6051 or 6053(b), or regulations prescribed thereunder, shall for each such failure be **subject to a _penalty_ under this subchapter** of $50, which shall be assessed and collected in the same manner as the tax on employers imposed by section 3111. | Penalty |
| 6675 | the person making such claim **shall be _liable_** to a penalty in an amount equal to whichever of the following is the greater | Liability |
| 6676 | the person making such claim **shall be _liable_** for a penalty in an amount equal to 20 percent of the excessive amount | Liability |

15

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6677 | (a) the person required to file such Notice or return shall pay a *penalty* equal to the greater of $10,000 or 35 percent of the gross reportable amount. (b) In the case of a return required under section 6048(b)—(1) the United States person referred to in such section **shall be *liable*** for the penalty imposed by subsection (a) | Penalty and Liability |
| 6678. Repealed. | | |
| 6679 | any person required to file a return under section 6046 or 6046A who fails to file such return at the time provided in such section, or who files a return which does not show the information required pursuant to such section, shall pay a *penalty* of $10,000 | Penalty |
| 6680. Repealed. | | |
| 6681. Repealed. | | |
| 6682 | such individual shall pay a *penalty* of $500 for such statement | Penalty |
| 6683. Repealed. | | |
| 6684 | If any person becomes *liable* for tax under any section of chapter 42 (relating to private foundations and certain other tax-exempt organizations) by reason of any act or failure to act which is not due to reasonable cause and either—<br>(1) such person has theretofore been *liable* for tax under such chapter, or<br>(2) such act or failure to act is both willful and flagrant, then **such person shall be *liable* for a penalty** equal to the amount of such tax. | Liability |

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6685 | any person who is required to comply with the requirements of subsection (d) of section 6104 and who fails to so comply with respect to any return or application, if such failure is willful, **shall pay a *penalty*** of $5,000 with respect to each such return or application. | Penalty |
| 6686 | In addition to the penalty imposed by section 7203 (relating to willful failure to file return, supply information, or pay tax) any person required to supply information or to file a return under section 6011(c) who fails to supply such information or file such return at the time prescribed by the Secretary, or who files a return which does not show the information required, **shall pay a *penalty* of $100** for each failure to supply information (but the total amount imposed on the delinquent person for all such failures during any calendar year shall not exceed $25,000) or a penalty of $1,000 for each failure to file a return, unless it is shown that such failure is due to reasonable cause. | Penalty |
| 6687. Repealed. | | |
| 6688 | any person described in section 7654(a) who is required under section 937(c) or by regulations prescribed under section 7654 to furnish information and who fails to comply with such requirement at the time prescribed by such regulations unless it is shown that such failure is due to reasonable cause and not to willful neglect, **shall pay (upon Notice and demand by the Secretary and in the same manner as tax) a *penalty* of $1,000** for each such failure. | Penalty |
| 6689 | (a) Civil ***penalty*** | Penalty |

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6690 | Any person required under section 6057(e) to furnish a statement to a participant who willfully furnishes a false or fraudulent statement, or who willfully fails to furnish a statement in the manner, at the time, and showing the information required under section 6057(e), or regulations prescribed thereunder, shall for each such act, or for each such failure, be **subject to a *penalty*** under this subchapter of $50 | Penalty |
| 6691. Reserved | | |
| 6692 | **shall pay a *penalty*** of $1,000 | Penalty |
| 6693 | such person **shall pay a *penalty*** of $50 for each failure | Penalty |
| 6694 | such tax return preparer **shall pay a *penalty*** | Penalty |
| 6695 | **shall pay a *penalty*** of $50 for such failure | Penalty |
| 6695A | such person **shall pay a *penalty*** in the amount determined under subsection (b) | Penalty |
| 6696 | The ***penalties*** provided by sections 6694, 6695, and 6695A shall be in addition to any other penalties provided by law. | Penalty |
| 6697. Repealed. | | |
| 6698 | such partnership **shall be *liable*** for a penalty determined under subsection (b) for each month (or fraction thereof) during which such failure continues | Liability |
| 6698A. Repealed. | | |

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6699 | such S corporation **shall be *liable* for a penalty** determined under subsection (b) for each month | Liability |
| 6700 | shall pay, with respect to each activity described in paragraph (1), a *penalty* equal to $1,000 | Penalty |
| 6701 | **shall pay a *penalty*** with respect to each such document in the amount determined under subsection (b) | Penalty |
| 6702 | A person **shall pay a *penalty*** of $5,000 if | Penalty |
| 6703 | [Rules applicable to penalties under sections 6700, 6701, and 6702] | Rules |
| 6704 | **shall pay a *penalty*** for each calendar year for which there is any failure to keep such records | Penalty |
| 6705 | **shall pay a *penalty*** of $500 for each such failure | Penalty |
| 6706 | the issuer **shall pay a *penalty*** of $50 for each instrument | Penalty |
| 6707 | such person shall **pay a *penalty*** with respect to such return in the amount determined under subsection (b) | Penalty |
| 6707A | shall **pay a *penalty*** in the amount determined under subsection (b) | Penalty |
| 6708 | such person **shall pay a *penalty*** of $10,000 for each day of such failure after such 20th day. | Penalty |
| 6709 | such person **shall pay a *penalty*** of $1,000 for each mortgage credit certificate | Penalty |

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6710 | such organization **shall pay a *penalty*** of $1,000 for each day on which such a failure occurred. | Penalty |
| 6711 | such organization **shall pay a *penalty*** determined under subsection (b) | Penalty |
| 6712 | **there is hereby imposed a *penalty*** equal to $1,000 ($10,000 in the case of a C corporation) on each such failure | Penalty |
| 6713 | shall **pay a *penalty*** of $250 for each such disclosure or use | Penalty |
| 6714 | such organization **shall pay a *penalty*** of $10 for each contribution | Penalty |
| 6715 | such person **shall pay a *penalty*** in addition to the tax (if any) | Penalty |
| 6715A | such person **shall pay a *penalty*** in addition to the tax (if any). | Penalty |
| 6716. Repealed. | | |
| 6717 | **shall pay a *penalty*** of $1,000 for such refusal | Penalty |
| 6718 | **shall pay a *penalty*** of $500 for each such failure | Penalty |
| 6719 | **shall pay a *penalty*** in addition to the tax (if any) | Penalty |
| 6720 | shall for each such act, or for each such failure, **be subject to a *penalty*** equal to | Penalty |
| 6720A | **shall pay a *penalty*** of $10,000 for each such transfer | Penalty |
| 6720B | **shall pay a *penalty*** of $10,000 | Penalty |

| Title 26 U.S.C., Subchapter 68B, Section | Relevant Language (emphasis added) | Penalty or Liability? |
|---|---|---|
| 6720C | **shall pay a *penalty*** of $250 for each such failure. | Penalty |
| 6721 | such person **shall pay a penalty** of $250 for each return | Penalty |
| 6722 | such person **shall pay a *penalty*** of $250 for each statement | Penalty |
| 6723 | such person **shall pay a *penalty*** of $50 for each such failure | Penalty |
| 6724 | [Waiver; definitions and special rules] | N/A |
| 6725 | such person **shall pay a *penalty*** of $10,000 in addition to the tax (if any). | Penalty |

Subchapter 68B of the Internal Revenue Code contains a mix of sections, some imposing penalties with associated liability and others, like § 6702, that do not. This distinction is crucial because § 6702 penalties lack a statutory basis for enforced collection of liabilities through levies. Consequently, the Notices of Levy issued against Plaintiff for alleged § 6702 penalties are invalid, and the enforced collection of these penalties by levying upon Plaintiff's assets was unlawful.

30.     The only regulation applicable to penalties under subchapter 68B is Treasury Regulation 301.6671-1(a), which provides:

> The penalties and liabilities provided by subchapter B, chapter 68, of the Code (*sections 6671 to 6675, inclusive*) shall be paid upon Notice and demand by the district director or the director of the regional

service center and shall be assessed and collected in the same manner as taxes.

Treas. Reg. § 301.6671-1(a) (2023); 26 C.F.R. § 301.6671-1(a) (emphasis added). Within

Subchapter 68B's code sections, the Secretary has explicitly designated *only sections*

*6671 through 6675*, inclusive, as assessable and collectible in the same manner as taxes,

intentionally *excluding section 6702*. As a result, the IRS lacks the authority from the

Secretary to issue notices and demands for payment, to assess penalties, and to enforce

collection by levy for penalties under § 6702.[10]

### Count I: Claim for Refund for 1999

31.     Plaintiff incorporates and re-alleges paragraphs one through 30 as if set

forth fully herein.

32.     Plaintiff's Form 1040EZ tax return for 1999 shows that his self-assessments

did not rely on a "frivolous position" and clearly unallowable deduction, rendering the

IRS's "assessment" and subsequent collection by levy of a § 6702 penalty unjustified. By

its terms, § 6702(a) does not create, impose, or establish liability for payment. Yet, the

IRS arbitrarily and erroneously applied § 6702(a) against Plaintiff, leading to the seizure

of his assets through a series of actions including "assessments," notices and demands for

payment, liens, and levies—actions that, under 26 U.S.C. §§ 6203, 6303(a), 6321, and

---

[10] *See* 26 U.S.C. § 7805(a) ("the Secretary shall prescribe all needful rules and regulations for the *enforcement* of this title.") (emphasis added.)

6331(a), respectively, all require liability for payment. The IRS's arbitrary and erroneous application of § 6702 against Plaintiff, which resulted in the seizure of his assets, was inconsistent with the statutory language, legislative intent, statutory scheme, and its internal procedures. The IRS erroneously used § 6331 to justify issuing Notices of Levy to third parties to collect penalties under § 6702(a), even though § 6331 applies only to persons liable to pay, and § 6702 does not establish such liability. The Secretary's regulations exclude § 6702(a) from among the penalty sections in subchapter 68B to be assessed and collected in the same manner as taxes. Therefore, the IRS-enforced collection by levy for the alleged tax year 1999 § 6702(a) penalty was erroneous and unlawful.

33.     Principles of law and equity require that the proceeds collected by the IRS be refunded to Plaintiff because the enforced collection by levy of the § 6702(a) penalty for the taxable period 1999 was erroneous and unlawful.

34.     The statutory interest added to the § 6702(a) penalty amount for the taxable period 1999 collected by the IRS was erroneous and must be refunded to Plaintiff.

## Count II: Claim for Refund for 2000

35.     Plaintiff incorporates and re-alleges paragraphs 1 through 30 as if set forth fully herein.

36.     Plaintiff's Form 1040EZ tax return for 2000 shows that his self-assessments did not rely on a "frivolous position" and clearly unallowable deduction, rendering the IRS's "assessment" and subsequent collection by levy of a § 6702 penalty unjustified. By

23

its terms, § 6702(a) does not create, impose, or establish liability for payment. Yet, the IRS arbitrarily and erroneously applied § 6702(a) against Plaintiff, leading to the seizure of his assets through a series of actions including "assessments," notices and demands for payment, liens, and levies—actions that, under 26 U.S.C. §§ 6203, 6303(a), 6321, and 6331(a), respectively, all require liability for payment. The IRS's arbitrary and erroneous application of § 6702 against Plaintiff, which resulted in the seizure of his assets, was inconsistent with the statutory language, legislative intent, statutory scheme, and its internal procedures. The IRS erroneously used § 6331 to justify issuing Notices of Levy to third parties to collect penalties under § 6702(a), even though § 6331 applies only to persons liable to pay, and § 6702 does not establish such liability. The Secretary's regulations exclude § 6702(a) from among the penalty sections in subchapter 68B to be assessed and collected in the same manner as taxes. Therefore, the IRS-enforced collection by levy for the alleged tax year 2000 § 6702(a) penalty was erroneous and unlawful.

37.     Principles of law and equity require that the proceeds collected by the IRS be refunded to Plaintiff because the enforced collection by levy of the § 6702(a) penalty for the taxable period 2000 was erroneous and unlawful.

38.     The statutory interest added to the § 6702(a) penalty amount for the taxable period 2000 collected by the IRS was erroneous and must be refunded to Plaintiff.

## Count III: Claim for Refund for 2002

39.     Plaintiff incorporates and re-alleges paragraphs 1 through 30 as if set forth fully herein.

40.     Plaintiff's Form 1040EZ tax return for 2002 shows that his self-assessments did not rely on a "frivolous position" and clearly unallowable deduction, rendering the IRS's "assessment" and subsequent collection by levy of a § 6702 penalty unjustified. By its terms, § 6702(a) does not create, impose, or establish liability for payment. Yet, the IRS arbitrarily and erroneously applied § 6702(a) against Plaintiff, leading to the seizure of his assets through a series of actions including "assessments," notices and demands for payment, liens, and levies—actions that, under 26 U.S.C. §§ 6203, 6303(a), 6321, and 6331(a), respectively, all require liability for payment. The IRS's arbitrary and erroneous application of § 6702 against Plaintiff, which resulted in the seizure of his assets, was inconsistent with the statutory language, legislative intent, statutory scheme, and its internal procedures. The IRS erroneously used § 6331 to justify issuing Notices of Levy to third parties to collect penalties under § 6702(a), even though § 6331 applies only to persons liable to pay, and § 6702 does not establish such liability. The Secretary's regulations exclude § 6702(a) from among the penalty sections in subchapter 68B to be assessed and collected in the same manner as taxes. Therefore, the IRS-enforced collection by levy for the alleged tax year 2002 § 6702(a) penalty was erroneous and unlawful.

41.     Principles of law and equity require that the proceeds collected by the IRS

be refunded to Plaintiff because the enforced collection by levy of the § 6702(a) penalty

for the taxable period 2002 was erroneous and unlawful.

42.     The statutory interest added to the § 6702(a) penalty amount for the taxable

period 2002 collected by the IRS was erroneous and must be refunded to Plaintiff.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in

favor of Plaintiff and against Defendant, directing Defendant to refund Plaintiff

$25,085.59, which is the total amount of the alleged penalties and accrued interest

(Counts I, II, and III) collected by the IRS for the tax years 1999, 2000, and 2002 and to

reimburse Plaintiff his litigation costs. Plaintiff further requests any other relief this Court

deems proper.

Respectfully submitted:


Signed: _____     Dated: May 28, 2025

        Neil Stierhoff
        10152 Indiantown Road, Unit 202
        Jupiter, Florida 33478
        email: neilstierhoff@pm.me
        telephone: 561-401-0970