UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-80654-REINHART

NEIL STIERHOFF,

                Plaintiff,

v.

UNITED STATES,

                Defendant.
_____/

**ORDER OF INSTRUCTIONS TO *PRO SE* PARTIES**

    The Plaintiff in this case is proceeding *pro se*. It is therefore important that the *pro se* Plaintiff is advised of essential requirements concerning this case, and the Court **ORDERS** as follows:

    1. It is the responsibility of the *pro se* Plaintiff to keep the Court advised of the *pro se* Plaintiff's current address (and email address) at all times. If the *pro se* Plaintiff's address changes and no change of address is promptly filed with the Clerk of Court, the case may be dismissed for lack of prosecution. A change of address must be labeled "Notice of Change of Address" and must not include any motions or other information except for the new address and the effective date of the change.

    2. It is the responsibility of the *pro se* Plaintiff to provide summonses including the full name, title (if any), and address for each Defendant to the Clerk

of Court.[1] The Clerk of the Court will then issue the summonses and return them to the *pro se* Plaintiff for service.[2] If the *pro se* Plaintiff has not already obtained summonses from the Clerk of Court, the *pro se* Plaintiff must do so immediately. Failure to obtain summonses from the Clerk's Office for service may result in the case being dismissed for lack of prosecution.

3. Unless a Defendant waives service, the *pro se* Plaintiff is responsible for having the Summons and Complaint served on each Defendant. The *pro se* Plaintiff must provide proof of service on each Defendant by filing the process server's affidavit immediately upon receipt. If a Defendant waives service, notice of the waiver shall be filed immediately. If service cannot be accomplished within 120 days, the case may be dismissed as to that Defendant.

4. The *pro se* Plaintiff is instructed that the Court has no legal authority to appoint counsel for the Plaintiff in a civil case. The *pro se* Plaintiff, however, may request to participate in the Court's Volunteer Attorney Program. Instructions on how to apply can be found at https://www.flsd.uscourts.gov/How-Request-Volunteer-Attorney-Pro-Bono.

---

[1] A summons is a notice to a party that a complaint has been filed against him/her.

[2] Here, the Clerk of Court has rejected the summonses Plaintiff submitted because "[t]he party(ies) on the summons(es) do[es] not match the initiating documents. Filer may file a Notice of Filing Proposed Summons(es) with the corrected summons attached." ECF No. 4.

5. The *pro se* Plaintiff shall serve upon the Defendants, or upon their respective counsel, copies of all pleadings or other documents the *pro se* Plaintiff submits for consideration by the Court. This means that before counsel has appeared for the Defendants, the *pro se* Plaintiff shall send to the Defendants personally a copy of every pleading, motion, or other paper submitted to the Court. After counsel has appeared for the Defendants, the copy shall be sent directly to counsel for the Defendants, rather than to the Defendants personally. The *pro se* Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants. If any pleading, motion, or other paper submitted to the Court does not include a certificate of service upon the Defendants or counsel for the defendants, it will be stricken by the Court.

6. All pleadings must include the case number at the top of the first page. The parties shall send the original of every pleading or document to the Clerk of this Court. Each submission shall include (1) a copy of the pleading or document, and (2) a certificate of service stating the date a true copy of the pleading or document was sent to the opposing parties and/or counsel for such parties.

7. **No original pleading, document, or e-mail shall be sent directly to a Judge.** All filings must be sent to the Clerk of Court. Any paper or e-mail

submitted directly to a Judge will be disregarded by the Court.

8. **The *pro se* Plaintiff is instructed not to send letters to the Court or to the Clerk.** All documents must be filed in accordance with the Federal Rules of Civil Procedure and copies must be furnished to opposing counsel. No letter or email to the Court will be answered. *Pro se* parties must understand that letters are not motions or pleadings and are therefore not docketed in the case.

9. A *pro se* party and his or her family, friends, or acquaintances must not call any Judge's office. No information about the case can be obtained from the Judge's office. Brief case status information contained on the docket sheet may be available from the Clerk of Court, but no Court employee can provide legal advice to any litigant, *pro se* or otherwise.

10. The *pro se* Plaintiff has no counsel to assist in the discovery process. Attention is therefore drawn to Federal Rule of Civil Procedure 26(a), which lists the various forms of discovery available in civil cases.

11. It is the *pro se* Plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions, respond to any motions made by the Defendant(s), comply with all scheduling orders, and prepare the case for trial. Failure to do this will probably result in dismissal of the case for lack of prosecution.

12. At the conclusion of the case the Court may tax costs against the

4

losing party or parties.

13. The *pro se* Plaintiff is instructed that *pro se* parties are required to review and comply with Local Rule 7.1. If a party fails to file a timely response to an opposing motion, the Court may grant the motion by default, without further notice, due to the party's failure to comply with the Local Rules. Similarly, *pro se* parties must comply with the conferral requirements of Local Rule 7.1. If a *pro se* party repeatedly fails to confer with opposing counsel in good faith, which the Local Rule requires, this Court may sanction the party, as appropriate, including, but not limited to, the dismissal of the party's case.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of May 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE